Alan Harris (SBN 146079)
Abigail Treanor (SBN 228610)
HARRIS & RUBLE
6424 Santa Monica Blvd.
Los Angeles, CA 90038
Tel: 323.962.3777
Fax: 323.962.3004
E-mail: aharris@harrisandruble.com;
atreanor@harrisandruble.com

Attorneys for Plaintiffs
Dominic Clesceri and Gabriel Rodriguez

O

JS-6

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DOMINIC CLESCERI and GABRIEL RODRIGUEZ, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>BEACH CITY INVESTIGATIONS & PROTECTIVE SERVICES, INC., a Nevada Corporation, KEVIN HACKIE, an individual, and Doe One through and including Doe Ten,<br><br>Defendants. | Case No: CV-10-03873 JST (RZx)<br><br>**ORDER AND JUDGMENT OF FINAL APPROVAL OF SETTLEMENT AND AWARD OF ATTORNEYS' FEES AND COSTS**<br><br>Assigned to the Honorable Josephine S. Tucker, Courtroom 10A, Santa Ana<br><br>Date: May 16, 2011<br>Time: 10:00 a.m.<br>Location: 411 West Fourth Street<br>Courtroom 10A<br>Santa Ana, CA 92701<br><br>Filed in State Court April 10, 2010<br>Removed May 21, 2010<br>FSC: N/A<br>Trial: N/A |

On May 16, 2011, at 10:00 a.m., the Court, with the Honorable Josephine S. Tucker presiding, conducted a final settlement hearing and heard Plaintiffs Dominic Clesceri and Gabriel Rodriguez's (collectively, "Plaintiffs") application for final approval of the Settlement set forth in the "Class-Action Settlement and Release" (the "Settlement") between Plaintiffs and Defendant Beach City Investigations & Protective Services, Inc. and Kevin Hackie (collectively, "Defendants"), and Plaintiffs' application for an award of attorneys' fees and reimbursement of costs. Defendants do not oppose the Motions. The Court has considered all papers filed, and the other information presented, and based on those papers and information presented, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED THAT:

1. This Court has jurisdiction over the subject matter of this litigation, <u>Clesceri v. Beach City Investigations & Protective Services, Inc.</u>, United States District Court for the Central District of California Case No. CV-10-03873 JST (RZx) (the "Litigation"), and over all parties to this Litigation, including all members of the Settlement Class, proceeding as a class action under Federal Rule of Civil Procedure 23 ("Rule 23") and collective action under the federal Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b).

2. As previously held in the Court's Preliminary Approval Order, a Settlement Class ("Class" or "Settlement Class") has been certified under Rule 23 and the FLSA, for settlement purposes only, and is defined as follows: "All Beach City Investigations & Protective Services, Inc., employees and/or independent contractors who worked as security personnel at an AT&T store location in California between January 1, 2010, and the date of preliminary approval of Settlement [January 27, 2011]." All persons who fall within the definition of the Class but who timely requested to be excluded from the Settlement are not included in the Class.

3. The Court hereby approves the Settlement and finds that said settlement is, in all respects, fair, reasonable and adequate to the Settlement Class. In making the

determination that the Settlement is fair, reasonable and adequate and should be approved, the Court has considered (i) the strengths and weaknesses in Plaintiffs' case, (ii) the risks, expense, complexity and likely duration of further litigation, (iii) the risks to Plaintiffs of establishing and maintaining class and collective-action status, (iv) the monetary amount of the settlement, including the amounts of the individual payments that will be made to participating Settlement Class Members, (v) the extent of informal and formal discovery that has been conducted by the parties, (vi) the views of the parties' respective counsel, and (vii) the absence of any objection whatsoever.

4. The Court finds that there are common issues of fact and law that affect Plaintiffs and the Class Members, which include: (1) whether the Class Members were paid all of the overtime wages owing to them, (2) whether the Class Members were properly given ten-minute rest periods and thirty-minute meal breaks, (3) whether Defendant provided adequate wage statements in compliance with section 226 of the California Labor Code, (4) whether the Class Members whose employment with Defendant had terminated were paid all of their wages by the relevant due date, and (5) whether the Settlement Class Members were employees or independent contractors. As Plaintiffs need only establish one common question of law or fact in order to meet the low threshold set by Rule 23(a)(2), Plaintiffs' showing satisfies this requirement.

5. The Court finds Plaintiffs' claims are typical of those of the Class they seek to represent. Plaintiffs' claims are typical to the members of the Class because they worked as security guards at AT&T store locations in California and were not paid adequate overtime compensation, not provided adequate rest periods and meal breaks, and received inadequate wage statements.

6. The Court finds that the numerosity requirement is met as there are 272 Class Members.

7. The Court determines that the notice provided to the Class was the best notice practicable under the circumstances and constituted due and sufficient notice.

8. The proposed Class Representatives have fairly and adequately protected the interests of the Settlement Class. They have retained counsel who have the experience and resources necessary to provide adequate representation of the Class and meet the requirements of Rule 23(g)(1).

9. As previously held in the Court's Preliminary Approval Order, the Court appoints as Class Counsel, Alan Harris and Abigail Treanor of the law firm of Harris & Ruble.

10. As previously held in the Court's Preliminary Approval Order, the Court appoints Dominic Clesceri and Gabriel Rodriguez as the representatives of the Class and FLSA collective action.

11. The Class, including Plaintiffs and all the Class Members who have not submitted a valid and timely request for exclusion (and so who are not "Opt Outs"), shall be deemed conclusively to have made the following releases against Defendants:

> [A]ll claims against Defendants by any member of the Settlement Class that arise from, touch or concern the allegations in the Complaint including but not limited to claims for unpaid overtime, failure to provide meal or rest breaks or pay one hour's wages in lieu thereof, and all related statutory claims, including but not limited to, alleged violation of California Labor Code sections 201–203, 226.7, 510, 512, 558, 1194, 1199, 2698, and 2699, California Business and Professions Code sections 17000 and 17200 *et seq.*, Wage Order No. 4-2001 issued by the Industrial Welfare Commission, the Fair Labor Standards Act ("FLSA"), Civil Code sections 52 and 52.1, and all claims for attorneys' fees and costs; provided, however, that members of the Settlement Class who do not submit Claim Forms that include consents to become party-plaintiffs under 29 U.S.C. § 216(b) will not be releasing their claims under FLSA. These releases shall run through the date the Court grants preliminary approval of this Agreement [January 27, 2011].

Only members of the Class who filed a Claim Form that included an FLSA opt-in

4
ORDER GRANTING FINAL APPROVAL OF SETTLEMENT AND AWARDING FEES/COSTS

provision will release FLSA claims.

12. The Court hereby approves the award of $25,000 in reasonable attorneys' fees and $3,150.28 for reimbursement of costs to Class Counsel, Harris & Ruble.

13. The Court hereby approves a class representative enhancement fee to Plaintiff Dominic Clesceri in the amount of $3,000 and a class representative enhancement fee to Plaintiff Gabriel Rodriguez in the amount of $3,000.

14. The Claims Administrator is hereby ordered to make payments pursuant to the terms of this Order and the Settlement. The Claims Administrator's request that $8,345.34 be reserved from the settlement amount for payment of costs relating to the administration of the claims procedure and distribution of individual settlement amounts to participating Class Members is approved.

15. All Claim Forms postmarked on or before April 2, 2011, shall be deemed valid and those Class Members shall participate in the Settlement.

16. The entire Litigation, including any claims asserted by any of the named Plaintiff, and all claims asserted by Settlement Class Members who have not filed timely and valid requests for exclusion, are hereby dismissed with prejudice. There were four timely and valid requests for exclusion filed by Anthony Cannata, Ben Covarrubias, Clark Fujiwara, and Gregory Robert Peterson. The parties shall bear all their own costs and attorneys' fees, except as otherwise set forth in the Settlement or this Judgment and Order.

17. The Court reserves jurisdiction, without affecting the finality of this Judgment and Judgment, over:

    (a) Implementation of the Settlement; and

    (b) Enforcing and administering the Settlement.

18. Notice of this Judgment has been given to the Class Members through the Class Notice. Notice of Entry of this Judgment may be served on the Settlement Class through service upon Class Counsel.

19. The Court finds that there is no just reason for delay of entry of this Order and Judgment of Final Approval of Settlement and Award of Attorneys' Fees and Costs and hereby directs its entry.

**IT IS SO ORDERED, ADJUDGED AND DECREED.**

Dated: June 10, 2011

The Honorable Josephine S. Tucker
United States District Court Judge